## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| CHAD CARDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:08-0063 |
| ) | |
| WAL-MART STORES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

Pending is Plaintiff's Motion for Costs, Expenses and Attorney's Fees. (Document No. 33.) Plaintiff has filed a Memorandum in Support of his Motion. (Document No. 34.) Defendant Wal-Mart Stores East, LP [Wal-Mart], has filed a Response to Plaintiff's Motion (Document No. 35.), and Plaintiff has filed a Reply (Document No. 36.). Having considered the parties' positions and the applicable law, the Court will grant Plaintiff's Motion and award Plaintiff $1,560.

### BACKGROUND

On December 20, 2007, Plaintiff filed a Complaint in the Circuit Court of Raleigh County naming as Defendants Wal-Mart and Mr. Eric Hodge a manager of Wal-Mart. On January 25, 2008, Wal-Mart filed a Notice of Removal of this matter from the Circuit Court of Raleigh County, West Virginia (Document No. 1.) and a Motion to Dismiss and Memorandum in Support (Document Nos. 2 and 3.) and Mr. Hodge filed a Motion to Dismiss for Insufficiency of Service of Process and a Memorandum in Support. (Document Nos. 4 and 5.) On February 25, 2008, Plaintiff filed a Motion to Remand this matter to the Circuit Court of Raleigh County and a Memorandum in Support of his Motion to Remand and Response to Wal-Mart's Motion to Dismiss. (Document Nos. 8 and 9.) In requesting that this matter be remanded, Plaintiff requested an award of his fees and costs incurred

in seeking remand. On March 4, 2008, Wal-Mart filed a Response to Plaintiff's Motion to Remand (Document No. 12.) and a Reply to Plaintiff's Response to its Motion to Dismiss (Document No. 13.). Wal-Mart argued, among other things, that Mr. Hodge was fraudulently joined. On September 5, 2008, the Court filed a Memorandum Opinion and Order concluding in view of the West Virginia Supreme Court of Appeals' decision in Doe v. Wal-Mart Stores, Inc., 198 W.Va. 100, 479 S.E.2d 610 (1996), and the District Court's remand of two actions in which Wal-Mart was a Defendant to West Virginia Circuit Courts, McKean v. Wal-Mart Stores, Inc., 2005 WL 1785260 (S.D.W.Va.) and Bailey v. Wal-Mart Stores East, L.P., 2005 WL 2405948 (S.D.W.Va.), that there was a possibility that Plaintiff would be able to establish a cause of action against Mr. Hodge in the West Virginia Court, granting Plaintiff's Motion to Remand and remanding the matter to the Circuit Court of Raleigh County, West Virginia. (Document No. 30.)[1] The Court noted that 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any expenses, including attorney fees, incurred as a result of the removal." Citing In re Lowe, 102 F.3d 731, 733 fn. 2 (4th Cir. 1996), quoting Husk v. E.I. Du Pont De Nemours & Co., 842 F.Supp. 895, 899 (S.D.W.Va. 1994), the Court further stated that the standard for determining whether an award of attorney fees and costs is appropriate is whether "a 'cursory examination would have revealed' a lack of federal jurisdiction." Having granted Plaintiff's Motion to Remand, the Court stated that "if Plaintiff wishes to proceed upon his request for an award of attorney fees and costs incurred herein pursuant to 28 U.S.C. § 1447(c), he shall file a Motion and Memorandum in Support asserting his request and reasons therefor in view of the standard noted above including an itemized statement of the fees and costs which he has incurred herein . . .."

---

[1] The Court's Memorandum Opinion and Order is published at *Carden v. Wal-Mart Stores, Inc.*, 574 F.Supp.2d 582 (S.D.W.Va. 2008).

Plaintiff filed his Motion for Costs, Expenses and Attorney's Fees and Memorandum in Support on September 26, 2008. (Document Nos. 33 and 34.) Plaintiff states that "a cursory review of applicable case law would have demonstrated that Defendant Hodge was properly joined as a Defendant in this matter" because the West Virginia Supreme Court of Appeals' decision in <u>Doe v. Wal-Mart Stores, Inc.</u> supported Plaintiff's inclusion of Mr. Hodge as a Defendant and in view of that decision, this District Court had remanded <u>McKean</u> and <u>Bailey</u>. (Document No. 34, p. 4.) Plaintiff provides an itemized statement indicating 14.1 hours of attorney time at $150 per hour. Plaintiff therefore seeks an award of attorney's fees in the total amount of $2,115. (<u>Id.</u>, Exhibit A.)

Wal-Mart states in response that 28 U.S.C. § 1447(c) and decisions of the Fourth Circuit Court of Appeals in <u>In re Lowe</u>, 102 F.3d 731 (4th Cir. 1996), and <u>Three J Farms, Inc., v. Alton Box Bd. Co.</u>, 609 F.2d 112 (4th Cir. 1979), and this District Court in <u>Hamilton, Burgess, Young & Pollard, PLLC v. Markel American Insurance Co.</u>, 2006 WL 784796 (S.D.W.Va. 2006), provide that the Court must award costs, expenses and attorney's fees, if appropriate, in the order remanding the case and after that Order is entered, the Court has no further jurisdiction to consider such an award. (Document No. 35, pp. 1 - 3.) Wal-Mart asserts further that if the Court determines that it is appropriate to consider Plaintiff's Motion on its merits, it must be denied because "in removing this action, Wal-Mart was acting in good faith and based upon the objectively reasonable basis that there is no case law in West Virginia supporting the Plaintiff's cause of action against Wal-Mart or its store manager and the facts as pleaded by the Plaintiff do not support any viable cause of action against the Defendants." (<u>Id.</u>, pp. 4 - 6.) Finally, Wal-Mart contends that if the Court determines that Plaintiff's Motion should be granted, several entries in Plaintiff's itemized statement totaling 3.7 hours indicate that the time was spent on other matters (responding to Defendants' Motion to Dismiss, preparing Plaintiff's discovery and Plaintiff's responses to discovery, preparing a Notice

3

of Deposition, etc.) and not in seeking the remand of this matter. (Id., p. 7.)

By his Reply to Wal-Mart's Response to his Motion (Document No. 36.), Plaintiff states, citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), and Judge Haden's decision in Watson v. Charleston Housing Authority, 83 F.Supp.2d 709 (2000), that the Court retains jurisdiction to consider whether or not to award costs, expenses and attorney's fees after remanding a case. In response to Wal-Mart's contention that Plaintiff's Motion should be denied because case law and the facts as contained in the pleadings did not indicate a cause of action against Defendants, Plaintiff reiterates that Doe v. Wal-Mart Stores, Inc. did in fact indicate that a plaintiff could maintain a suit against a Wal-Mart manager under certain circumstances and in view of that decision, the District Court remanded McKean and Bailey in which Wal-Mart was a Defendant. (Id., pp. 4 - 6.) Plaintiff urges that a cursory review of these decisions indicates that removal was improper in this case. Respecting Wal-Mart's claim that several entries in Plaintiff's itemized statement are for time spent on other matters than obtaining the remand, Plaintiff points out that Section 1447(c) provides that the Court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (Id., p. 6.) Plaintiff appears to concede that some of the expenses were not incurred directly in obtaining the remand of the matter but argues that they were nevertheless incurred while the matter was removed to this Court and an award of the entire amount of $2,115 is appropriate. (Id., p. 7.)

**DISCUSSION**

Clearly, the District Court may award costs, expenses and attorney's fees under Section 1447(c) after remanding the case. Cooter & Gell v. Hartmarx Corp., 496 U.S. at 395, 110 S.Ct. at 2455("It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want

4

of jurisdiction."); Watson v. Charleston Housing Authority, 83 F.Supp.2d 709, 711 (S.D.W.Va. 2000)(Every Circuit Court of Appeals that has considered the issue has concluded that a district court may award fees and costs after the case has been remanded to state court.") Wal-Mart's assertion to the contrary is without merit.

Considering Plaintiff's Motion on its merits, the Court finds that Doe v. Wal-Mart Stores, Inc., 198 W.Va. at 107 - 108, 479 S.E.2d at 617 - 618, indicated that a cause of action may be maintained against Wal-Mart and its manager respecting an accident which occurred in the store's parking lot to the extent that Wal-Mart and the manager exercised some control over the parking lot. Plaintiff in this matter alleged that he was hit by a vehicle while using one of Wal-Mart's handicapped accessible carts. In view of Doe v. Wal-Mart Stores, Inc., Defendants were on notice that there was a possibility that Plaintiff could establish a cause of action against Wal-Mart and Mr. Hodge, its manager. Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999), *quoting* Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993). Notice was made clearer through the District Court's remand of McKean and Bailey. Removal on grounds that Mr. Hodge was fraudulently joined was therefore improper. Defendants lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711, 163 L.Ed.2d 547(2005). An award of costs, expenses and attorney's fees incurred as a result of Defendants' improper removal is therefore appropriate.

Wal-Mart states respecting Plaintiff's itemized statement that "3.7 hours of time . . . is time that Plaintiff would have incurred whether the case had been removed or not. Consequently, any fees, costs, or expenses incurred by the Plaintiff, which were not the result of the removal should not be awarded to the Plaintiff." (Document No. 35, p. 7.) "Section 1447(c)permits an award "of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Costs,

5

expenses and fees incurred coincidentally in conjunction with the removal of the action to Federal Court which would have been incurred in the State Court proceedings are not recoverable. <u>Central Cab Company, Inc., v. Cline</u>, 972 F.Supp. 370, 373 (S.D.W.Va. 1997)(Judge Haden). The time which Plaintiff's counsel spent in preparing a response to Defendants' Motion to Dismiss and Motion to Exclude, Plaintiff's discovery, Plaintiff's responses to discovery and a Notice of Deposition as charged in Plaintiff's itemized statement would in any event have been expended in the litigation of the matter in State Court, was not incurred as a result of Defendants' removal and the Court will exclude it. Plaintiff requests payment of attorney's fees for 14.1 hours at $150 per hour. The Court will reduce the hours by 3.7 (the total time spent on work other than seeking remand) to 10.4 and require Defendants' payment of $1,560 (10.4 x $150).

It is therefore hereby **ORDERED** that Plaintiff's Motion for Costs, Expenses and Attorney's Fees (Document No. 33.) is **GRANTED**. Plaintiff is awarded $1,560. Defendants shall pay Plaintiff $1,560 within two weeks of the entry of this Order.

The Clerk is directed to deliver a copy of this Order to counsel of record.

ENTER: September 4, 2009.

R. Clarke VanDervort
United States Magistrate Judge